Bell *v.* Furbush.

---

. JAMES BELL *versus* JOHN B. FURBUSH *& als.*

A bond given by a person for his release from arrest on mesne process, stipulating, in addition to the conditions prescribed by R. S., c. 113, § 16, that the obligor will "take the oath prescribed in the 28th section of said chapter," is invalid as a statute bond.

In fulfilling the conditions of such a bond, the obligor is not required to perform any statute provisions in relation to poor debtors, except those recited in the bond given.

Bell *v.* Furbush,

Thus, where, at the time and place fixed by the citation for the disclosure, the justices duly chosen by the parties present, disagreeing as to the sufficiency of the service of the citation, selected a third justice, and a majority of the Court thus constituted, holding the service insufficient, refused to hear the disclosure and recorded their proceedings; and the creditor's attorney, together with two of the magistrates, although notified that the debtor persisted in proceeding to disclose under the citation, notwithstanding the adjudication, withdrew, whereupon the justice originally chosen by the debtor, adjourned for a few minutes to procure the attendance of another justice; and the creditor neglecting to choose, one was duly selected in his behalf by a deputy sheriff; and, before the tribunal thus constituted, the debtor submitted himself to examination, made a true disclosure of his business affairs and property under oath, and took the oath specified in his bond: — *Held,* that there was a common law compliance with the conditions of a bond which was good only at common law.

ON REPORT.

DEBT on a bond, dated Nov. 9, 1860, given by the defendants to the plaintiff for the release of the principal from arrest in this county, on a writ in favor of the plaintiff, returnable at the Nov. term, 1860, of this Court for this county. The conditions of the bond were as follows: —

"Now if the said John B. Furbush, shall, within fifteen days after the last day of the term of the Court, at which the judgment shall be rendered in said suit, notify the said James Bell, his agent or attorney, to attend before two justices of the peace, and of the quorum, at a certain place within said county of Kennebec, and, at a time to be fixed, within thirty days, after such notice, and not less than fifteen days, for the purpose of disclosure and examination under the provisions of the 16th section of chap. 113 of the Revised Statutes, and if he shall at such time and place submit himself to examination, make true disclosure of his business affairs and property under oath, and take the oath prescribed in the 28th section of said chapter, if allowed by said justices, and abide the order of said justices thereon in manner provided in the 16th, 17th, 18th and 19th sections of said chapter, then this obligation shall be void, otherwise remain in full force."

Writ dated Oct. 21st, 1861. Plaintiff introduced writ,

James Bell v. John B. Furbush and others, dated October 29, 1860; affidavit on writ, dated Oct. 29, 1860; officer's return thereon, dated Nov. 9, 1860; bond declared on, dated Nov. 9, 1860; judgment in the suit, Bell v. Furbush and others, at the August term of this Court, 1861, rendered September 17, 1861; and execution issued Oct. 1, 1861.

Defendants introduced citation, John B. Furbush to James Bell, dated Sept. 23, 1861, returnable Oct. 10th, 2 P. M., at S. Titcomb's office in Augusta. It was admitted that M. Cunningham and S. Lancaster, justices of the peace and quorum, gave to said Furbush a certificate of discharge, dated Oct. 10, 1861, in the usual form, excepting it did not recite how they were appointed.

Plaintiff then put in the record of M. Cunningham, Wm. Gaslin, Jr., and J. M. Meserve, justices of the peace and quorum, of their action under said citation. This record had been burned, but it was agreed that it recited in effect that, under the citation put in by defendants, M. Cunningham was selected by S. Titcomb, attorney for debtor, and Wm. Gaslin, Jr., was selected by G. C. Vose, attorney for creditor; that said justices proceeded to act in the premises; that the notice was objected to as insufficient by Mr. Vose for creditor, for the reason mentioned in *Furbush, pet.,* v. *Cunningham*; that they heard the parties on that question and were divided in opinion, and selected said Meserve as a third Justice, who came in and acted with them, heard the parties, and that a majority of the Court thus constituted, decided that the notice was insufficient, and that they could proceed no further under it. This record was signed by the three justices.

*G. C. Vose,* called by the plaintiff, testified as follows: I acted for the creditor in Furbush's disclosure. The justices were selected and proceeded to hear the parties soon after 2 P. M., Oct. 10th. I selected Gaslin and Titcomb selected Cunningham to hear the disclosure. They divided on the sufficiency of the notice, and they selected J. M. Meserve. A majority decided the notice insufficient, and

*Bell v. Furbush.*

I left. This was between three and four P. M. Mr. Titcomb said to me, I think about the time I left, that he should proceed and have a disclosure. I at first hesitated, but finally said to him I should have no further action in the matter, and I withdrew. I knew nothing about the action after that. My office was in the same building, opposite Titcomb's, next room across the stairs. John Mower, son of Nathan Mower, was in my office and conferred with me in relation to the selection of a justice.

Defendants then put in the contents of the record of M. Cunningham and S. Lancaster, justices of the peace and quorum; said record had been burned. It was agreed that it showed that M. Cunningham was selected by S. Titcomb for debtor, as before stated, and continued to act throughout the disclosure, and, at ten minutes after 4 P. M., Oct. 10th, he continued the matter to fifteen minutes before 5 P. M., to enable the debtor to procure the selection of another justice; that S. Lancaster was selected by C. Hewins, deputy sheriff, the creditor neglecting to choose one; that, adjudging the notice sufficient, they then proceeded to hear the debtor's disclosure; that the debtor did make a disclosure, and they administered the oath to him and gave him a discharge.

It was admitted that all the proceedings were under the same citation.

The case was reported to the full Court for such judgment as the law and evidence may require.

*A. Libbey*, for the plaintiff.

1. The judgment rendered by the Court as to the sufficiency of the notice was final. The right to proceed under the citation was exhausted, and no new Court could be organized.

2. The new Court was not organized in season. The citation was returnable at 2 P. M.; the creditor present with his justice, and remained there until nearly 4 P. M.; debtor's justice did not act until ten minutes after 4 P. M. *Blake v. Brackett*, 47 Maine, 28.

3. In requiring the debtor to take the oath prescribed in the 28th section, the bond required only what § 17 requires, and is like *Hatch* v. *Lawrence*, 29 Maine, 480.

4. The disclosure should have conformed to the provisions of the statute mentioned in the bond, or there could be no performance.

*S. Lancaster*, for the defendants.

BARROWS, J. — The bond here sued is a bond taken on mesne process, and it is in most respects similar to the one provided for in § 16, c. 113, R. S., which is referred to in it, but it embraces, in addition to the conditions prescribed in that section, a further condition, that the principal obligor shall "take the oath prescribed in the 28th section of said chapter."

It cannot be considered a statute bond. The taking of the oath was not a necessary sequence of the submission to examination in the regular statute course of proceeding. Full compliance with the conditions of a statute bond might be had without taking it at all, as appears by reference to §§ 18 and 19 of c. 113. Herein the facts in this case differ essentially from those in *Hatch* v. *Lawrence*, 29 Maine, 480, cited by plaintiff's counsel. There, the condition of the bond was substantially, though not in terms, identical with that of the statute bond.

As this is not a statute bond, in the absence of any proof that the conditions were varied by mistake or accident, we must hold, in accordance with the doctrine laid down in *Clark* v. *Metcalf*, 38 Maine, 122, *Flowers* v. *Flowers*, 45 Maine, 459, *Merchant's Bank* v. *Lord*, 49 Maine, 99, and *Ross* v. *Berry*, 49 Maine, 434, that the debtor is not required to perform any statute provisions relating to poor debtors except those which are recited in the bond he has given; and, in this case, if he has seasonably cited the creditor, submitted himself to examination at the time and place appointed, made true disclosure of his business affairs and property, under oath, and taken the prescribed oath before

two justices of the peace and of the quorum, according to the conditions of his bond, he is entitled to judgment in his favor, notwithstanding a failure to conform, in the proceedings before the justices, to the statute requirements. It appears that Furbush did seasonably cite James Bell, the plaintiff in the suit in which he was arrested, and his judgment creditor therein, to attend his disclosure within the time fixed by the bond, before two justices of the peace and of the quorum, at the office of Samuel Titcomb, Esq., in Augusta. The citation seems to have taken effect, for at the time and place appointed came Nathan Mower, the assignee of the original suit and the equitable owner of the judgment recovered therein, by his agent and attorney, to object that the citation ought to have been served upon him and not upon the plaintiff of record. Two justices of the peace and quorum, one selected by Furbush and the other by Mower's attorney, disagreed as to the sufficiency of the service and selected a third justice, and a majority of the Court, thus constituted, held the notice insufficient and refused to hear the disclosure, and made a record of their proceedings. But the debtor and his attorney, and the justice by them selected, persisted in proceeding under the citation to have a disclosure, notwithstanding this adjudication, and the creditor's attorney was informed of this intention on the spot. He, however, with two of the three magistrates, withdrew, and thereupon the justice originally selected by the debtor adjourned for a few minutes to procure the attendance of another justice; the creditor neglecting to choose, one was selected by a deputy sheriff in his behalf, and, before the tribunal thus constituted, the debtor went on and made his disclosure and took the oath specified in his bond. Thus there has been a common law compliance with the conditions of a bond which was good only at common law. It is unnecessary to determine whether the point which the creditor made before the first corps of justices was well taken or not. The debtor did cite the creditor, did submit himself to examination in accordance with the terms of his

bond, before two justices, and take the required oath; and, the bond not being a statute bond, it matters not, according to the cases above cited, that the requirements of the statute were disregarded in their selection and proceedings. It is a satisfaction to remark that there are no apparent equities with the creditor. He declined to hear the proffered disclosure, and sought to work a forfeiture of the bond by a resort to technicalities. For want of technical accuracy in the outset, in the taking of his bond, the effort proves unavailing.                    *Judgment for defendants.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.